IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ANDREW WOLTERS,                    :

      Petitioner          :          CIVIL NO. 3:CV-13-1217

  v.                               :

                             :          (Judge Conaboy)    **FILED**
**SCRANTON**
CHARLES SAMUELS, JR.,              :

      Respondent          :          MAY **2 2** 2013

PER_____
DEPUTY CLERK

## MEMORANDUM
### Background

    This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Andrew Wolters, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Petitioner has also filed a request for leave to proceed <u>in forma pauperis</u>. <u>See</u> Doc. 2.

    Named as Respondent is Director Charles Samuels, Jr. of the Federal Bureau of Prisons (BOP).[1] For the reasons outlined below, Petitioner will be granted leave to proceed <u>in forma pauperis</u> for the sole purpose of the filing of this matter, however, his petition will be denied without prejudice to any right Wolters may

_____

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. <u>See</u> 28 U.S.C. § 2242. The USP-Lewisburg Warden is presently Wolters' custodial official

1

have to reassert his present claims in a properly filed civil complaint.

Petitioner does not challenge the legality of his criminal conviction, the resulting sentence, or the execution of his sentence.[2] Rather, Hill states that he submitted three (3) requests under the Freedom of Information Act (FOIA) to the BOP on March 4, 2013.[3] See Doc. 1, p. 7. His requests sought a copy of an internal investigative report pertaining to his alleged rape by prison employees on September 27, 2011; copies of grievances filed against former USP-Lewisburg Correctional Officer Eric Williams; and a copy of a September, 2012 team review report regarding Petitioner's confinement status. See id. The Petition claims entitlement to federal habeas corpus relief on the basis that the BOP has failed to timely respond to his FOIA requests.

Wolters seeks injunctive relief, specifically, that the BOP be directed to turn over the documents sought in his FOIA requests or in the alternative provide Petitioner with an explanation for their refusal to comply with his requests.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of

---

[2] Wolters states that he is presently serving a 1999 sentence imposed by the Unites States District Court for the Central District of California.

[3] The FOIA requires that federal government information including agency records, with certain exceptions, be made available to the public. See 5 U.S.C. § 552.

the Rules Governing Section 2254 Cases in the United States

District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v.

Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules

Governing Section 2254 Cases in the United States District Courts

are applicable to § 2241 petitions under Rule 1(b) of the Section

2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole,

Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19,

2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the

petitioner." A petition may be dismissed without review of an

answer "when the petition is frivolous, or obviously lacking in

merit, or where. . . the necessary facts can be determined from the

petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa.

May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d

134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner

to challenge the 'execution' of his sentence." Woodall v. Federal

Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is

available "where the deprivation of rights is such that it

necessarily impacts the fact or length of detention." Leamer v.

Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of

Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was

3

reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in <u>Woodall</u> that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." <u>Hairston v. Grondolsky</u>, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that Wolters does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. He is simply not raising a claim related to the execution of his sentence as contemplated in <u>Woodall</u>. Rather, based on the grounds asserted in his petition, Petitioner seeks relief solely on the alleged refusal of the BOP to respond to his above described FOIA requests.

The Petition does not allege that the purportedly improper actions taken by BOP officials included a loss of good time credits or otherwise extended the length of Wolters' confinement. Thus, the purported failure to respond did not adversely affect the fact or duration of Petitioner's incarceration. Accordingly, "habeas corpus is not an appropriate or available federal remedy." <u>See</u> <u>Linnen v. Armainis</u>, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Wolters may have to reassert his

4

present claims in a properly filed FOIA suit.[4]  See  David v.
United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17,
1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A.
No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998)
(McClure, J.); and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075,
slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) (a petitioner
cannot elude more onerous filing fee requirements, and his claims
will be dismissed, without prejudice, when they are not habeas
corpus claims).  An appropriate Order will enter.[5]



RICHARD P. CONABOY
United States District Judge

DATED: MAY 14, 2013

---

[4] The FOIA provides administrative remedies, including an
appeals process by which individuals can request information from
federal agencies.  If a person fails to exhaust his available
administrative remedies prior to filing a FOIA suit in federal
district court, jurisdiction over his action may be declined.  See
McConnell v. United States, 4 F.3d 1227, 1240-41 (3d Cir. 1993);
Thomas v. Internal Revenue Service, No. 3:03-CV-2080, 2004 WL
3185316 *3 (M.D. Pa. Nov. 2, 2004).
    Exhaustion of administrative remedies is generally required to
allow the appropriate federal agency the initial opportunity to
exercise its discretion and expertise and to make a factual record
regarding its determination with respect to the FOIA request.  See
Id.; Oglesby v. Department of the Army, 920 F. 2d 57, 64 (D.C. Cir.
1990).

[5] In this regard, this Court expresses no opinion as to the
merits, if any, of any FOIA claim Wolters may file based upon the
facts asserted herein.